GLD-083                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3976
_____

DANIEL J. GOODSON, III,
                                          Appellant

v.

KIM KARDASHIAN;
KOURTNEY KARDASHIAN;
KHLOE KARDASHIAN-ODOM

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-1910)
District Judge:  Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011
Before:  AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed:  January 20, 2011)
_____

OPINION
_____

PER CURIAM

    Pro se appellant Daniel Goodson appeals the District Court's dismissal of his

complaint.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary

review over the District Court's order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d

Cir. 2000). For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2).

Goodson filed a complaint alleging a federal claim under 42 U.S.C. § 1983 and state law claims of intentional infliction of emotional distress and negligent inflection of emotional distress against Kim Kardashian, Kourtney Kardashian, and Khloe Kardashian-Odum ("defendants"). According to Goodson, the defendants' antics on their reality television programs caused him intense emotional and psychological strain. He has requested compensatory damages, punitive damages, and a personal apology.[1]

The case was assigned to a magistrate judge, who recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e). The District Court adopted the report and recommendation (with one modification) and dismissed the complaint. Further, the Court determined that amendment would be futile and thus dismissed the case with prejudice. Goodson then appealed.

For essentially the reasons provided by the magistrate judge and District Court, we will affirm the order dismissing Goodson's complaint. To state a claim under § 1983, a plaintiff must allege that the claimed harm was caused by state action. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010). Goodson has made no such allegation; to the contrary, he complains about the behavior of private television personalities. Accordingly, the District Court properly dismissed this claim.

We also agree with the District Court that Goodson's intentional-infliction-of-

---

[1] The apology Goodson requests -- "D.J., we are sorry for emotionally stressing you out & we love you!" -- suggests that this action is, at bottom, not a serious

2

emotional-distress claim fails. The gravamen of the tort is outrageous conduct; in Pennsylvania, "courts have found intentional infliction of emotional distress only where the conduct at issue has been atrocious and utterly intolerable in a civilized community." Clark v. Twp. of Falls, 890 F.2d 611, 623 (3d Cir. 1989) (internal quotation marks omitted). "'The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 177 (Pa. Super. Ct. 1996) (quoting Restatement (Second) of Torts § 46 cmt. d)). The defendants' alleged conduct is simply not sufficiently outrageous to sustain a claim of intentional infliction of emotional distress. See id. ("There is no occasion for the law to intervene in every case where someone's feelings are hurt." (internal quotation marks, alteration omitted)).

Nor did Goodson state a claim for negligent infliction of emotional distress. Under Pennsylvania law,

> the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative.

Toney v. Chester County Hosp., 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008). Goodson's factual allegations do not fall within any of those scenarios.

Finally, we are satisfied that amendment to Goodson's complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without

one.

providing leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d

Cir. 2002).  We will thus dismiss the appeal under 28 U.S.C. § 1915(e)(2).[2]

---

[2] Under § 1915(g), a prisoner who has three or more dismissals under § 1915(e) may not proceed in forma pauperis unless he is in imminent danger of serious physical injury at the time he files the complaint.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).