NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3225
_____

RAHEEM ANDERSON,
Appellant

v.

PAUL PEREZ,
Philadelphia Police Detective

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-06747)
District Judge: Honorable Mark A. Kearney

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2016

_____

Before: CHAGARES, GREENWAY, JR., and RESTREPO, *Circuit Judges.*

(Filed: January 26, 2017)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Raheem Anderson appeals the District Court's grant of summary judgment for Philadelphia Police Detective Paul Perez in Anderson's suit for false arrest, malicious prosecution, false imprisonment, false light invasion of privacy, and intentional infliction of emotional distress. Because Anderson does not present a genuine dispute of material fact as to whether Perez's affidavit supporting the warrant application established probable cause, and because Perez did not recklessly disregard the truth or engage in willful misconduct, we will affirm.

**I**

As we write for the benefit of the parties, we set out only the facts necessary for the discussion that follows. Anderson was arrested on February 25, 2014 pursuant to a warrant issued on June 21, 2013. That warrant was issued based on an affidavit sworn out the same day by Perez. In the affidavit, to establish probable cause for robbery, criminal conspiracy, simple assault, and theft, Perez cited the statement of a victim, Arthur Barnes. Barnes implicated Anderson, definitively identified him, and presented corroborating injuries. In between the issuance of the warrant and Anderson's arrest eight months later, police arrested an alleged co-conspirator, Jerome Lawrence, and charged him with several of the same crimes, including criminal conspiracy and simple assault. Lawrence pled guilty to simple assault on September 13, 2013.

After Anderson was arrested he was unable to make bail, which had been set at $50,000. As a result, he was imprisoned for nearly four months until his case was

2

dismissed for lack of prosecution on June 8, 2014.[1] The case was subsequently re-filed, and then dismissed for lack of evidence at a preliminary hearing because Barnes was more equivocal at the preliminary hearing about Anderson's involvement than he had been in his initial statement to Perez. Anderson had not returned to jail in the meantime. Anderson ultimately filed this Section 1983 suit on November 25, 2014. The District Court granted summary judgment for Perez. This timely appeal followed.[2]

## II

Three of Anderson's Section 1983 claims—false arrest, malicious prosecution, and false imprisonment—require a plaintiff to show that the underlying arrest warrant was not supported by probable cause in order to survive summary judgment. *See Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988); *see also Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (noting that false arrest claims vindicate the right to be free from arrest except on probable cause); *Estate of Smith v. Marasco*, 318 F.3d

---

[1] It bears mentioning that "the circumstances of this case appear to exemplify what can be described as a flaw in our system of justice—in particular, the inequity bail can create in criminal proceedings." *Curry v. Yachera*, 835 F.3d 373, 375 (3d Cir. 2016). This case illustrates the second option available to the *Curry* plaintiff and many other arrestees who cannot afford bail. One who maintains his or her innocence may, as in *Curry*, take a plea deal rather than mount a meritorious defense, or may wait out prolonged imprisonment—as here, four months—until charges are dismissed. *Curry*, 835 F.3d at 376-77.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015). On review, we apply the same summary judgment standard as the District Court. *See Chavarriaga v. N.J. Dep't of Corrections*, 806 F.3d 210, 218 (3d Cir. 2015). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

497, 521 (3d Cir. 2003) (explaining that party must show an absence of probable cause to win a claim for malicious prosecution); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (stating that arrest based on probable cause cannot become the source of a claim for false imprisonment). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti*, 71 F.3d at 483. Ordinarily, the existence of probable cause is a factual issue for the jury. *See Halsey v. Pfeiffer*, 750 F.3d 273, 300 (3d Cir. 2014). However, a court may grant summary judgment if "no genuine issue of material fact exists as to whether" there was probable cause. *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997).

The facts here, viewed most favorably to Anderson, do not create a genuine dispute as to whether probable cause existed when the warrant issued. The warrant application and supporting affidavit contained statements from a victim, Barnes, who had identified Anderson. Barnes' statements implicating Anderson were corroborated by Barnes' physical injuries. This information, taken together, gave rise to probable cause that Anderson had committed an offense.

If the face of a warrant contains probable cause, a Section 1983 plaintiff may still prevail if the officer, in swearing out the affidavit, acted with reckless disregard for the truth of matters that were material to the finding of probable cause. *Goodwin v. Conway*, 836 F.3d 321, 327 (3d Cir. 2016). In this context, reckless disregard may include making false statements, or omitting material facts that a reasonable person would recognize as

4

"the kind of thing the judge would wish to know" in considering the warrant application. *Wilson v. Russo*, 212 F.3d 781, 787-88 (3d Cir. 2000); *Goodwin*, 836 F.3d at 327.

Here, there is no evidence in the record that Perez acted with reckless disregard for the truth or omitted material facts when he swore out his affidavit, and Anderson has not offered any. In support of his allegations that the affidavit of probable cause was false even at the time it was sworn, Anderson emphasizes that charges against Lawrence were dismissed between when the warrant issued and when Anderson was arrested. Events that took place after Perez swore out the affidavit cannot speak to Perez's knowledge or truthfulness when he swore out the affidavit.

Anderson's claims that require an absence of probable cause—false arrest, malicious prosecution, and false imprisonment—fail.

## III

Anderson's false light invasion of privacy claim also fails in the absence of any evidence of willful misconduct or reckless disregard for falsity on the part of Perez. In Pennsylvania, liability for false light invasion of privacy accrues to a person "who publishes material that is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (internal quotation marks omitted). Mere negligence is not enough to support a claim for false light invasion of privacy. *Rush v. Phila. Newspapers, Inc.*, 732 A.2d 648, 654 (Pa. Super. Ct. 1999).

Anderson has offered no evidence that Perez acted with reckless disregard for falsity. To the extent that Anderson has premised his false light claim on the statements

5

in the affidavit itself, any events that occurred after the affidavit was sworn do not speak

to Perez's knowledge or reckless disregard at the time. At the point he applied for the

warrant, Perez believed the statements in the affidavit to be true and did not swear to

them with reckless disregard for whether they were false. Therefore, Anderson's false

light claim fails.

## IV

The absence of any evidence of willful misconduct defeats Anderson's intentional

infliction of emotional distress ("IIED") claim. In Pennsylvania, to prevail on a claim for

IIED, a defendant's conduct must be "so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa.

1988). "[O]nly the most egregious conduct" is a sufficient basis for recovery on an

intentional infliction of emotional distress claim. *Id.*[3] Anderson has offered no evidence

---

[3] For examples of sufficiently outrageous conduct, see *Papieves v. Lawrence*, 263 A.2d 118, 120-21 (Pa. 1970) (finding that IIED may result from the intentional and wanton mishandling of a decedent's body); *Banyas v. Lower Bucks Hosp.*, 437 A.2d 1236, 1239 (Pa. Super Ct. 1981) (stating that defendants who fabricated records to implicate plaintiff in a homicide may be liable for IIED); *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1274-75 (3d Cir. 1979) (explaining that, if true, team physician telling press that plaintiff suffered from fatal disease, despite knowing he did not, did inflict IIED).

For examples of objectionable conduct that is nevertheless insufficient to make out a claim for IIED, see *Toney v. Chester Cty. Hosp.*, 961 A.2d 192, 202 (Pa. Super. Ct. 2008) (stating that doctors incorrectly telling mother her child would be born without abnormalities, after negligently misreading an ultrasound, was not IIED); *Buczek v. First Nat. Bank of Mifflintown*, 531 A.2d 1122, 1124-25 (Pa. Super. Ct. 1987) (finding that self-dealing in violation of fiduciary obligation that led to sale falling through did not inflict IIED); *Daughen v. Fox*, 539 A.2d 858, 864 (Pa. Super. Ct. 1988) (finding no IIED where veterinarian swapped x-rays, causing death of dog).

that Perez intentionally lied in his affidavit or otherwise sought his arrest despite knowing there was no probable cause. Therefore, Anderson's IIED claim fails, as well.

**V**

For the foregoing reasons, we will affirm the District Court's grant of summary judgment.