J-A01036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOYCE MIKOLAWSKI AND DENNIS MIKOLAWSKI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1721 EDA 2018 |
| CURTIS ANTHONY YOUNG, JAROD BROWN, WELLINGTON MAYO AND YOUTH SERVICES AGENCY OF PENNSYLVANIA | : | |

Appeal from the Judgment Entered June 8, 2018
In the Court of Common Pleas of Carbon County Civil Division at No(s):
12-2311

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MAY 14, 2019**

Joyce and Dennis Mikolawski ("the Mikolawskis") appeal from the judgment entered in favor of the Youth Services Agency of Pennsylvania ("YSA"). The Mikolawskis maintain that the trial court erred in granting YSA's Motion for Summary Judgment because it "misconstrued the issue raised by YSA and, in turn, raised a completely different issue *sua sponte*." Mikolawskis' Br. at 23. We affirm.

Three juveniles housed at a placement facility escaped and burglarized the Mikolawskis' home. The facility was controlled by YSA. During the burglary, one of the juveniles brandished a log of firewood over Dennis Mikolawski's head in the presence of Mrs. Mikolawski. They then demanded the Mikolawskis' money and car keys. The juveniles then fled with the

Mikolawskis' money and car. The Mikolawskis sustained no physical impact or injury.

The Mikolawskis subsequently filed this lawsuit against YSA and the juvenile offenders. As against YSA, the Mikolawskis asserted claims of negligent infliction of emotional distress ("NIED"). As the litigation progressed, YSA filed a motion for summary judgment arguing that the Mikolawskis "failed to produce sufficient evidence to support a negligence claim." YSA's Motion for Summary Judgment ("MSJ"), filed 3/31/16, at ¶ 8. YSA argued that the Mikolawskis failed to satisfy any of the four scenarios under which liability may attach for NIED because its alleged negligence "did not result in any physical impact" to the Mikolawskis. *See* YSA's MSJ at ¶ 7; Brief in Support of MSJ, filed 3/31/16, at 3.

At argument on the motion, the Mikolawskis argued that "but for" YSA's alleged negligence, the Mikolawskis "would not have been placed in the 'zone of danger.'" N.T., Motion Hearing, 6/16/16, at 27. The court responded that the question "becomes a proximate cause issue then." *Id.* at 28. The Mikolawskis' counsel agreed that it was an issue of proximate cause, but argued that proximate cause was for the jury, and even if it was not, proximate cause was met. *Id.*

The trial court granted YSA's motion. It then held a bench trial on the Mikolawskis' claims against the juveniles and entered a verdict "in favor of each Plaintiff in the amount of $50,000.00 and against the [j]uvenile [d]efendants jointly and severally for a combined verdict of $100,000.00 in

- 2 -

favor of Plaintiffs." 1925(a) Op. at 3. The Mikolawskis filed a Motion for Post-Trial Relief, which the trial court denied. This timely appeal followed.

The Mikolawskis raise three issues for our review:

I.     Whether the trial court abused its discretion by granting defendant Youth Services Agency of Pennsylvania's Motion for Summary Judgment based on an issue that the court raised *sua sponte* that was different than the issue raised by Youth Services Agency of Pennsylvania and responded to by plaintiffs when the issue raised by Youth Services Agency of Pennsylvania was clear and unambiguous by its own terms and ripe for disposition.

II.    Whether the trial court abused its discretion by granting defendant Youth Services Agency of Pennsylvania's motion for summary judgment based on an issue that the court raised *sua sponte* when it was clear from the record that the issue raised by the court was premature.

III.   Whether plaintiffs were prejudiced in that they were not given and full and fair opportunity to supplement the record to address the issue raised by the trial court *sua sponte*.

Mikowlawskis' Br. at 4 (suggested answer).

In their first issue, the Mikolawskis argue that the trial court erroneously granted summary judgment based on an issue that it raised *sua sponte*. They maintain that YSA's motion for summary judgment raised only the issue of the "impact rule." Mikolawskis' Brief at 26. They argue that the trial court nonetheless *sua sponte* raised the issue of proximate cause. ***Id.*** at 28.

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1)." ***Nicolaou v. Martin***, 195 A.3d 880, 891 (Pa. 2018). "When considering a motion for summary judgment, the trial

court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* at 892. We reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. *Id.* Because the issue of whether there is a genuine issue of material fact is a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

A cause of action for NIED may arise in any of four scenarios: (1) situations where the defendant had a contractual or fiduciary duty to the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger; or (4) the plaintiff observed a tortious injury to a close relative. *Toney v. Chester County Hosp.*, 961 A.2d 192, 197-98 (Pa.Super. 2008), *affirmed by evenly divided court*, 36 A.3d 83 (Pa. 2011); *see also Niederman v. Brodsky*, 261 A.2d 84, 85 (Pa. 1970) (holding that "recovery may be had from a negligent defendant, despite the fact that appellant's injuries arose in the absence of actual impact," *i.e.*, within the zone of danger).

Here, the Mikolawskis argued they were in the zone of danger. A claim that the plaintiff was within the zone of danger is a question of proximate cause. *See Mazzagatti v. Everingham by Everingham*, 516 A.2d 672, 679 (Pa. 1986). The Mikolawskis' counsel conceded that such is the case during oral argument before the trial court. Their claim that the trial court improperly raised proximate cause *sua sponte* does not hold water.

- 4 -

The Mikolawskis' second and third issues are likewise meritless. They argue that the trial court's ruling on proximate cause was premature because discovery was not complete they therefore did not have a full and fair opportunity to supplement the record on summary judgment. The difficulty the Mikolawskis face is that in the trial court, they never identified any discovery that was incomplete or any evidence or information that would have refuted the trial court's application of the "impact rule." Although the Mikolawskis did move for reconsideration of the summary judgment order, the only evidence they produced at that time related to the alleged foreseeability to YSA of the juveniles' crimes. They at no time have identified any evidence bearing on the impact rule. We affirm the entry of summary judgment in YSA's favor and against the Mikolawskis.

Order affirmed.
Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/19