BLD-085                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2808
_____

DAVID D. RICHARDSON,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-02015)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 13, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: May 2, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David D. Richardson, proceeding pro se, appeals from an order granting the United States' motion to dismiss a civil action that he brought pursuant to the Federal Tort Claims Act (FTCA).  For the reasons discussed below, we will summarily affirm.

On January 20, 2023, Richardson was admitted to the United States Department of Veterans Affairs (VA) Medical Center in Philadelphia.  As part of his treatment, Richardson agreed that his opioid "addiction had to be tapered down."  The next day, Dr. Hilary Bollman visited Richardson in his hospital room and told him that if he "did not accept the help that [she] was offering, [she] would discharge [him] to the streets and let [him] fend for himself."  At the time, Richardson was "wheel-chair-bound and homeless."  He claimed that the doctor's comment caused him "'shock,' 'anxiety,' 'depression,' 'loss of sleep,' 'nightmares,' [and] 'tightening of the muscles in [his] neck, bac[k], and stomach.'"  Those symptoms "were continuous and lasted for several days per episode at the thought of [the doctor] carrying out [her] statement."  Richardson filed an administrative tort claim with the Department of Veterans Affairs, which was denied.

Thereafter, Richardson filed a complaint in the United States District Court for the Eastern District of Pennsylvania, which he amended four times, raising claims of medical malpractice and negligent infliction of emotional distress.[1]  The United States filed a

---

[1] He also suggested that he was denied due process in connection with the adjudication of his administrative tort claim.  We note, however, that constitutional tort claims are not cognizable under the FTCA.  See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994).

motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and

12(b)(6). The District Court granted that motion, holding that Richardson failed state a

claim under either theory of liability and concluding that amendment would be futile.[2]

Richardson timely appealed.

We have jurisdiction pursuant to 28 U.S.C. 1291, and exercise plenary review

over the order granting the motion to dismiss. See Black v. Montgomery County, 835

F.3d 358, 364 (3d Cir. 2016). To survive dismissal, "a complaint must contain sufficient

factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009). We may affirm on any basis supported by the record.

See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Sovereign immunity generally protects the federal government from civil liability.

See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). But the FTCA waives

the United States' sovereign immunity for claims arising out of negligent or wrongful

acts of its employees when the employees are acting within the scope of their duties. See

28 U.S.C. § 1346(b)(1). This waiver applies to claims involving VA health care

---

[2] The District Court declined to dismiss Richardson's claims against the United States under Rule 12(b)(1) for lack of subject matter jurisdiction, but it properly dismissed his claims against Dr. Bollman because the "Government is the only proper defendant in a case brought under the FTCA." CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008). The District Court also properly denied all of Richardson's pending motions as moot. See Coronavirus Rep. v. Apple, Inc., 85 F.4th 948, 958 (9th Cir. 2023) ("Because the district court properly dismissed with prejudice all of the claims against Apple, it correctly denied the remaining pending motions as moot.").

employees' conduct in providing care or treatment. See 38 U.S.C. § 7316(a)(1); Ingram v. Faruque, 728 F.3d 1239, 1245 (10th Cir. 2013) (stating that § 7316 "applies the remedy available against the United States under the FTCA to damages arising from the provision of medical services by health care employees of the VA" (cleaned up)). A claim brought under the FTCA is governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000).

Richardson sought to bring medical malpractice and negligent infliction of emotional distress claims. To state a prima facie cause of action for both claims, he had to demonstrate the elements of negligence. See Quinby v. Plumsteadville Fam. Prac. Inc., 907 A.2d 1061, 1070-71 (Pa. 2006) (stating that "medical malpractice is a form of negligence") (citations omitted); Toney v. Chester Cnty. Hosp., 961 A.2d 192, 198 (Pa. Super. Ct. 2008) (stating that "under [a negligent infliction of emotional distress] theory of recovery, a plaintiff must establish the elements of a negligence claim"). Those elements are: the existence of a legal duty, a breach of that duty, causation, and damages. See Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998).

We conclude that Richardson failed to demonstrate that Dr. Bollman breached a duty of care when she notified him that he would be discharged if he did not adhere to medical advice, including that he taper off opioids. "The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include:

4

(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1169 (Pa. 2000). "The determination whether to impose affirmative common-law duties as a predicate to civil liability is a matter of law[.]" Seebold v. Prison Health Servs., Inc., 57 A.3d 1232, 1243 (Pa. 2012).

The relationship between Dr. Bollman and Richardson weighs in favor of imposing a duty of care. See Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1150 (Pa. 2003) ("A physician owes his patient a duty to employ that degree of knowledge, skill, and care ordinarily possessed by members of the medical profession."). But, as the District Court accurately explained, the remaining factors weigh against imposing such a duty. With respect to social utility, informing a patient that he will be discharged if he refuses recommended medical care potentially frees up space in the hospital and permits the doctor to focus on patients who are willing to accept help. The third factor – the nature of the risk imposed and the foreseeability of the harm incurred – weighs against recognition of a legal duty in the circumstances presented here. While Dr. Bollman's warning about discharge might have foreseeably caused the anxiety, depression and other effects alleged by Richardson, this foreseeability does not weigh in favor of finding a special duty given that such effects are an ordinary outcome of

5

receiving such a diagnosis and hearing the attendant consequences in failing to remedy it. Toney v. Chester Cnty. Hosp., 36 A.3d 83, 94 (Pa. 2011) (per curiam). The final two factors – the consequences of imposing a duty and the overall public interest in the proposed solution – also counsel against imposing a duty. The Pennsylvania Supreme Court has cogently explained that "doctors inevitably but necessarily inflict emotional pain on their patients when they disclose distressing news about the patient's health. Obviously, however, physicians should not be liable for the emotional distress when they are obligated to share distressing news." Id. at 92–93. We recognize that Dr. Bollman's suggestion that Richardson would be discharged to the "streets," where he would have to "fend for himself," while harsh, likely was intended to encourage Richardson to accept treatment. Thus, those stray comments do not meaningfully contribute to a demonstration that Dr. Bollman breached a duty of care to Richardson.

In sum, we conclude that the District Court properly dismissed Richardson's fourth amended complaint for failure to state a claim. Moreover, the District Court did not abuse its discretion in concluding that granting further leave to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). The District Court accurately explained that it had previously afforded Richardson opportunities to amend and that his fourth amended complaint was "nearly identical" to his first complaint. Cf. Vorchheimer v. Philadelphian Owners Assoc., 903 F.3d 100, 113 (3d Cir. 2018) (concluding that amendment would be futile where the plaintiff-appellant

6

"had already amended her complaint once and did not move to amend again or suggest what she might add").

For the foregoing reasons, this appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment.[3]  3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Richardson's motion for appointment of counsel is denied.