

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2006

# Spencer v. Wal Mart Stores Inc

Precedential or Non-Precedential: Precedential

Docket No. 05-2143

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Spencer v. Wal Mart Stores Inc" (2006). *2006 Decisions*. Paper 140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-2143, 05-3436, 05-3471
_____

LILY SPENCER,

Plaintiff–Appellant/Cross Appellee

v.

WAL-MART STORES, INC.,

Defendant–Appellee/Cross Appellant
_____

Appeal from the
United States District Court for the
District of Delaware
(D.C. No. 03-cv-00104)
District Judge: The Honorable Kent Jordan
_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2006
_____

Before: MCKEE and AMBRO, <u>Circuit Judges</u>, and
RESTANI*, <u>Judge</u>

(Filed: November 22,  2006)

_____
*Honorable Jane A. Restani, Chief Judge of the United

States Court of International Trade, sitting by designation.

Alan B. Epstein, Esquire
Nancy Abrams, Esquire
Spector, Gadon & Rosen, P.C.
1635 Market Street
Philadelphia, PA 19103

Counsel for Plaintiff–Appellant/Cross Appellee

David S. Fryman, Esquire
Farrah I. Gold, Esquire
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Counsel for Defendant–Appellee/Cross Appellant

_____

OPINION OF THE COURT
_____

RESTANI, <u>Judge</u>.

This appeal arises from a discrimination action brought under the Americans with Disabilities Act ("ADA") by Lily Spencer ("Spencer") against her former employer, Wal-Mart Stores, Inc. ("Wal-Mart"). Spencer appeals the orders of the District Court vacating her back pay award and reducing her award of attorney's fees to reflect her limited success at trial. Wal-Mart cross-appeals, arguing that Spencer is not the prevailing party and thus is not entitled to any attorney's fees. We will affirm the orders of the District Court.

## I. Procedural and Factual Background

Spencer, who is hearing impaired, brought a discrimination action against Wal-Mart, alleging that it did not reasonably accommodate her disability and subjected her to a hostile work environment. The case proceeded to a jury trial on October 4, 2004. The jury rejected Spencer's first claim, finding

that Wal-Mart had reasonably accommodated Spencer's disability. The jury, however, decided in favor of Spencer on her hostile work environment claim and awarded her $15,000 for lost wages, also known as back pay, and $12,000 for emotional distress. The jury did not award punitive damages to Spencer.

Afterward, Wal-Mart filed a motion for judgment as a matter of law ("JMOL"), arguing that Spencer failed to establish a claim of hostile work environment and that, even if she had established such a claim, she was still not entitled to back pay. Simultaneously, Spencer filed a motion to amend the judgment to include injunctive relief, as well as a motion for reimbursement of attorney's fees and costs.

The District Court granted Wal-Mart's motion for JMOL in part and denied it in part. The Court upheld the jury finding as to a hostile work environment, but concluded that the back pay issue should not have been presented to the jury. Spencer v. Wal-Mart Stores, Inc., No. 03-104-KAJ, 2005 U.S. Dist. LEXIS 4373, at *7 (D. Del. Mar. 11, 2005). The Court found that this issue was "solely within the province of the court," because back pay is an equitable remedy. Id. The Court then declined to award back pay, noting that Spencer had not requested it from the Court. Id. The Court further stated that, even if Spencer had requested back pay, the Court would not have granted it because she did not allege constructive discharge. Id. As a result, the District Court vacated the jury's back pay award of $15,000. Id.

The District Court also denied Spencer's request for injunctive relief and for reimbursement of attorney's fees. Id. at *11, *15. Specifically, the Court found that injunctive relief was inappropriate because Spencer had not established a pattern of discrimination by Wal-Mart and because Spencer would not benefit from an injunction (as she was no longer an employee of Wal-Mart). Id. at *11–*12. The Court also found that Spencer did not receive any benefit from litigation, because her back pay award had been vacated, and because her emotional distress

3

award was offset by a prior settlement agreement.[1] Id. at *15. Thus, the District Court denied Spencer's request for attorney's fees. Spencer then filed a motion to alter and amend judgment and a motion for relief from judgment, arguing that it was appropriate for the jury to consider the back pay issue because back pay is not an equitable remedy. Spencer also contested the denial of attorney's fees. Spencer argued that the settlement agreement did not affect her status as a prevailing party because she signed the agreement after the jury rendered its decision.

The District Court upheld its ruling as to the back pay issue but reconsidered its decision on attorney's fees. Spencer v. Wal-Mart Stores, Inc., No. 03-104-KAJ, 2005 U.S. Dist. LEXIS 39038, at *3–*5 (D. Del. June 24, 2005). The Court agreed that the settlement agreement did not affect Spencer's status as the prevailing party because it was signed after trial. Id. at *5. The Court reasoned that the timing of the agreement was important because it indicated whether Spencer "had gone into the trial having already bargained away her potential recovery." Id. The Court, however, found that Spencer had achieved limited success at trial, and thus, it reduced her lodestar[2] by 75% and awarded her $38,569.34 in attorney's fees. Id. at *12.

---

[1] Wal-Mart and Spencer reached an agreement to settle a worker's compensation action filed by Spencer with the Industrial Accident Board of Delaware. The settlement agreement includes a provision providing Wal-Mart with a "set-off/credit" for a portion of the recovery obtained in this litigation. The amount of the "set-off/credit" is $11,754.32. (S. App. 8.)

[2] The "lodestar" is the amount of attorney's fees calculated by multiplying the reasonable number of hours spent on the case by a reasonable attorney's rate. Washington v. Phila. County Ct. Com. Pl., 89 F.3d 1031, 1035 (3d Cir. 1996). Here, the District Court indicated that the lodestar was $154,277.34. Spencer, 2005 U.S. Dist. LEXIS 39038, at *11. The parties do not contest this amount.

4

Spencer appeals both orders of the District Court, arguing that the Court erred in vacating her back pay award and reducing her award of attorney's fees. Wal-Mart cross-appeals, arguing that Spencer is not the prevailing party and that she is not entitled to any attorney's fees. We first examine the parties' arguments as to the back pay award, and then we turn to their arguments as to the attorney's fees award.

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction under the ADA, 42 U.S.C. § 12101 et seq. We have appellate jurisdiction under 28 U.S.C. § 1291 (2000).

While we exercise plenary review over a district court's grant of judgment as a matter of law, Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 200 (3d Cir. 1996), we review an award of attorney's fees for abuse of discretion, E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 750 (3d Cir. 1997). "We must defer to the district court's fee determination unless it has erred legally, or the facts on which the determination rests are clearly erroneous." Quiroga v. Hasbro, Inc., 934 F.2d 497, 502 (3d Cir. 1991) (citation omitted).

## III. Discussion

### A. Back Pay

In this case, the District Court found that back pay was an equitable remedy reserved for the Court and that it had erred in presenting the issue to the jury. It then vacated the back pay award, noting that Spencer had not requested back pay from the Court. It further stated that even if Spencer had requested back pay, it would have denied the request because Spencer did not allege constructive discharge at trial. Spencer argues that the District Court should not have vacated the back pay award because it is not an equitable remedy but rather is a decision for the jury. We disagree with Spencer.

Back pay is available to a successful Title VII plaintiff

5

under the Civil Rights Act of 1964.[3] 42 U.S.C. § 2000e-5(g)(1); Landgraf v. USI Film Prods., 511 U.S. 244, 252 (1994). Specifically, the 1964 Act provided that a successful Title VII plaintiff can collect "reinstatement . . . , with or without back pay . . . , or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1) (emphasis added). Consistent with this language, we have treated back pay as a form of equitable relief awarded at the discretion of the court. See Craig v. Y & Y Snacks, Inc., 721 F.2d 77, 85 (3d Cir. 1983) (stating that "back pay is itself considered a discretionary remedy"); Gurmankin v. Costanzo, 626 F.2d 1115, 1119, 1123 (3d Cir. 1980) (referring to the trial court's "exercise of discretion . . . in granting or denying equitable relief" and stating that back pay is classified appropriately as an "equitable remedy"). Various of our sister Circuits are in agreement. See Slack v. Havens, 522 F.2d 1091, 1094 (9th Cir. 1975) ("[T]he award of back pay is an integral part of the equitable remedy of reinstatement . . . ."); Johnson v. Ga. Highway Express, Inc., 417 F.2d 1122, 1125 (5th Cir. 1969) (same), overruled on other grounds by Griffin v. Dugger, 823 F.2d 1476 (11th Cir. 1987); Smith v. Hampton Training Sch. for Nurses, 360 F.2d 577, 581 n.8 (4th Cir. 1966) (same).

The Civil Rights Act of 1991 expanded the recovery allowed under the 1964 Act and permitted compensatory damages. Landgraf, 511 U.S. at 252–53. Compensatory damages include "'future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.'" Id. at 253 (quoting 42 U.S.C. § 1981a(b)(3)). Under the 1991 Act, plaintiffs seeking compensatory damages may request jury trials. 42 U.S.C. § 1981a(c)(1). The 1991 Act does not have a provision stating that parties seeking back pay may request a jury trial. See id. § 1981a(c). The 1991 Act further differentiates back pay from compensatory damages, stating that "[c]ompensatory damages . . . shall not include backpay, interest on backpay, or any other

---

[3]A plaintiff alleging employment discrimination under the ADA has the same remedies as provided by the 1964 Act. 42 U.S.C. § 12117(a).

type of relief authorized under section 706(g) of the Civil Rights Act of 1964." Id. § 1981a(b)(2). The Supreme Court explained that "[this] new compensatory damages provision . . . is in addition to, and does not replace or duplicate, the backpay remedy allowed under prior law." Landgraf, 511 U.S. at 253 (quotation marks omitted).

The Supreme Court also stated that the 1991 Act "allows a plaintiff to recover in circumstances in which there has been unlawful discrimination in the 'terms, conditions, or privileges of employment' . . . even though the discrimination did not involve a discharge or a loss of pay." Id. at 254. Specifically, this "new right to monetary relief [was available to plaintiffs]. . . who were victims of a hostile work environment but were not constructively discharged."[4] Id. at 283. The 1991 Act thus "created a 'major expansion in the relief available to victims of employment discrimination,' allowing the recovery of compensatory damages even where victims of the illegal employment practice had not suffered workplace discrimination sufficient to rise to the level necessary to constitute a constructive discharge." Mallinson-Montague v. Pocrnick, 224 F.3d 1224, 1236 (10th Cir. 2000) (quoting Landgraf, 511 U.S. at 253–55)). The 1991 Act left "undisturbed the equitable remedies available under Title VII." Hertzberg v. SRAM Corp., 261 F.3d 651, 659 (7th Cir. 2001). Given the statutory language, and the language in Landgraf distinguishing the

---

[4]Constructive discharge occurs when an "employer knowingly permit[s] conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." Goss v. Exxon Office Sys. Co., 747 F.2d 885, 887 (3d Cir. 1984).

A hostile work environment "will not always support a finding of constructive discharge." Marrero v. Goya of P.R., Inc., 304 F.3d 7, 28 (1st Cir. 2002). "To prove constructive discharge, the plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment." Landgraf v. USI Film Prods., 968 F.2d 427, 430 (5th Cir. 1992), aff'd, 511 U.S. 244.

former remedial structure allowing back pay from the new structure allowing compensatory damages, it is obvious that back pay remains an equitable remedy to be awarded within the discretion of the court.[5] Accord Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1069 (9th Cir. 2005).

We hold that a successful hostile work environment claim alone, without a successful constructive discharge claim, is insufficient to support a back pay award.[6] Put simply, if a hostile work environment does not rise to the level where one is forced to abandon the job, loss of pay is not an issue. Here, the District Court vacated the jury's award of back pay, noting that it is an equitable remedy and that Spencer had not requested it from the Court. Spencer, 2005 U.S. Dist. LEXIS 4373, at *7.

---

[5]Spencer has not made any valid arguments addressing this issue. She cites Bates v. Board of Education of the Capital School District, No. 97-394-SLR, 2000 U.S. Dist. LEXIS 13234 (D. Del. Aug. 29, 2000), to argue that "the amount of back pay . . . damages is left to the jury." (Appellant's Br. 16–17 n.4.) In a prior opinion, however, the Bates court indicated that "back pay is intended as an equitable remedy." Bates v. Bd. of Education of the Capital Sch. Dist., No. 97-394-SLR, 2000 U.S. Dist. LEXIS 4873,*24–*25 (D. Del. Mar. 31, 2000) (citation omitted).

[6]Several of our sister Circuits have held similarly that a plaintiff alleging employment discrimination must show either actual or constructive discharge in order to receive an award of back pay. See Marrero, 304 F.3d at 28 (stating that the plaintiff must show constructive discharge in order to hold her employer responsible for the economic losses suffered); Hertzberg, 261 F.3d at 659 (holding that a plaintiff seeking back pay must show either actual or constructive discharge); Mallinson-Montague, 224 F.3d at 1236–37 (holding that the plaintiffs' claim for back pay failed because they did not allege constructive discharge); Caviness v. Nucor-Yamato Steel Co., 105 F.3d 1216, 1219 (8th Cir. 1997) (holding that, absent a showing of constructive discharge, plaintiffs alleging employment discrimination are not entitled to back pay).

But, not only did Spencer fail to request back pay from the Court, she had also waived a claim for constructive discharge. (App. 74 n.1.) She instead sought back pay based only upon her hostile work environment claim. This is insufficient to support a claim for back pay.

Accordingly, the District Court did not err in ruling that back pay is an equitable remedy and in vacating the jury's award of back pay.

## B.   Attorney's Fees

The District Court awarded Spencer attorney's fees after finding that she and Wal-Mart had reached a settlement agreement on her workers' compensation claims after the jury verdict, and that this did not affect her status as the prevailing party. The Court, however, found that Spencer had limited success at trial because: (1) she prevailed only on her emotional distress claim; (2) she did not benefit in any other tangible way from the litigation because she was not reinstated to her job but had agreed to resign; and (3) her actual award of $12,000 was far below her projected total damages of over $500,000. Spencer v. Wal-Mart Stores, Inc., 2005 U.S. Dist. LEXIS 39038, at *12. Thus, the Court reduced the lodestar by 75% and granted Spencer $38,569.34 in attorney's fees. Id.

Both parties argue that the District Court erred in determining the attorney's fees award. Wal-Mart argues that Spencer is not entitled to any attorney's fees because she is not the prevailing party. Wal-Mart maintains this because the settlement agreement completely offset her emotional distress award[7] and thus deprived her of any benefit from her suit. Wal-Mart also argues, in the alternative, that if Spencer is the prevailing party, the Court was correct in reducing the lodestar.

---

[7]It appears that the settlement agreement offset a large amount of Spencer's emotional distress award, but not the entire amount of the award. That is, $11,754.32 of the $12,000 award was offset by the settlement agreement. (J.A. 97; S. App. 8.)

In contrast, Spencer argues that the Court erred in reducing the lodestar because her reasonable accommodation claim is interrelated with her successful hostile work environment claim. Spencer also argues that the Court erred in finding that she had achieved only limited success in her action because it improperly compared her recovery to her projected damages. Instead, she maintains, the Court should have compared her recovery to the claim for damages she eventually presented to the jury. We affirm the District Court's decision.

In an employment discrimination case, the district court has the discretion to award the prevailing party a reasonable attorney's fee. 42 U.S.C. § 2000e-5(k). The prevailing party can be either the plaintiff or the defendant. L.B. Foster Co., 123 F.3d at 750.[8] The former must "'succeed on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir. 1978)); Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).

Where a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward. Hensley, 461 U.S. at 434–36; Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). It may do so "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Hensley, 461 U.S. at 436. Although a court may consider the amount of damages awarded compared to the amount of damages requested as one indication of a plaintiff's degree of

---

[8]In L.B. Foster, we noted that, even though attorney's fees may be awarded to an employer in a Title VII suit where it is the prevailing party, such awards should "be only sparingly awarded," because the employer, unlike the employee, is not acting as a private attorney general in the litigation. 123 F.3d at 750–51. It is merely defending against an action it had no role in bringing. The plaintiff, however, has brought an action which, if successful, advances the public interest of eliminating discrimination from the workplace. Id. at 750.

success, it "may not diminish counsel fees [in a civil rights action] to maintain some ratio between the fees and the damages awarded." Washington, 89 F.3d at 1041.

Here, the District Court correctly held that Spencer was the prevailing party because she was successful on her hostile work environment claim. See Hensley, 461 U.S. at 433. Spencer's status as the prevailing party is not affected by the settlement agreement that offset her emotional distress award. See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 423–24 (3d Cir. 1993). In Gulfstream, we reasoned that the reduction of a plaintiff's net recovery due to the offset of a jury verdict by prior settlements does not indicate that plaintiff failed to prove any of its claims at trial. It may merely reflect plaintiff's skill as a negotiator with the other defendants, and the circumstance [under which] those negotiations occurred.

Id. Although Gulfstream was addressing whether a settlement agreement affected plaintiffs' success rate for purposes of determining the amount attorney's fees awarded under the Clayton Act, and the plaintiffs in Gulfstream had entered a settlement agreement before the jury rendered its verdict, the rationale there remains applicable here. Here, the jury held that Spencer was subjected to a hostile work environment and awarded her $12,000 for emotional distress. The District Court then affirmed this award. As in Gulfstream, the fact that Spencer chose to enter a settlement agreement, at whatever time, offsetting a large portion of her award does not mean that Spencer did not succeed on a significant issue in litigation, or that the jury or court had not granted Spencer some relief.

The District Court also correctly found that Spencer had achieved limited success in her action. As previously stated, the Court supported its finding with three reasons: (1) Spencer prevailed only on her emotional distress claim; (2) Spencer did not benefit in any other tangible way from the litigation because she was not reinstated to her job but had agreed to resign; and (3) Spencer's actual award of $12,000 was far below her projected total damages of over $500,000. Spencer v. Wal-Mart Stores, Inc., 2005 U.S. Dist. LEXIS 39038, at *12. The

District Court has sufficiently supported its finding. Furthermore, it does not appear that the Court sought to maintain a ratio between Spencer's awarded damages and her fee. Accordingly, we hold that it did not abuse its broad discretion in reducing Spencer's attorney's fees by 75%.

## IV. Conclusion

The District Court correctly ruled that back pay is an equitable remedy and correctly vacated the back pay award. Furthermore, the Court did not abuse its discretion in reducing Spencer's attorney's fees award after finding that she had limited success at trial. Accordingly, we will AFFIRM the District Court's orders vacating Spencer's award of back pay and awarding attorney's fees to Spencer.