NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2093
_____

DEBRA HARTLEY,

Appellant

v.

POCONO MOUNTAIN REGIONAL POLICE DEPARTMENT;
JOHN P. LAMBERTON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:04-cv-2045)
Honorable Thomas I. Vanaskie, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 17, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed:   March 9, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

        This matter comes on before this Court on plaintiff-appellant Debra Hartley's

appeal from: (1) an order of the District Court entered on March 22, 2007, granting

defendant-appellees Pocono Mountain Regional Police Department ("PMRPD") and John

P. Lamberton, its chief of police, partial summary judgment; (2) a judgment in favor of the PMRPD and Lamberton entered on October 31, 2007, on a jury verdict returned on October 30, 2007, on the issues remaining after the grant of summary judgment; and (3) an order of the District Court entered on March 24, 2009, denying Hartley's motion for a new trial.[1]

We only need summarize the facts because the District Court set them forth in its opinion of March 22, 2007, granting appellees partial summary judgment, and its opinion of March 24, 2007, denying Hartley's motion for a new trial.[2]  Hartley, a former police officer with the PMRPD filed this action against the PMRPD and Lamberton following her resignation, alleging that she had been the victim of sexual discrimination during her employment by the PMRPD and that, when she complained about the discrimination, the PMRPD and Lamberton retaliated against her.  In particular, she asserted that she was subjected to so severe a hostile work environment that, notwithstanding the circumstance that she submitted her resignation rather than being directly discharged, she was constructively discharged because the harassment forced her to resign.  At the trial, though not in her complaint, Hartley asserted that, when she sought unemployment compensation following her resignation, appellees unjustifiably opposed her application because they were retaliating against her.

[1] We are aware that Hartley's notice of appeal does not recite that she is appealing from the March 22, 2007 order, but it is clear that she intended to do so and appellees do not contend otherwise.

[2] The District Court rendered its March 22, 2007 opinion after a magistrate judge made a report and recommendation on the motion for summary judgment to which the parties filed objections.

Hartley bought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., 42 U.S.C. § 1983, and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 (West 1991). The District Court had jurisdiction under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331, 1337, 1343(a)(3), and 28 U.S.C. § 1367, and we have jurisdiction under 28 U.S.C. § 1291.

Hartley contends that the District Court erred in: (1) granting partial summary judgment to appellees on her retaliation claims; (2) permitting appellees, after the close of the presentation of evidence at trial and immediately before the closing arguments, to withdraw their admission in their pleadings and in a pretrial stipulation that she had been constructively discharged; and (3) "refusing to charge the jury on the law on the right to receive unemployment compensation for those fired for cause versus those forced out of their jobs[.]" Appellant's br. at 38.

The parties agree that we exercise plenary review of the order for partial summary judgment and review the order permitting appellees to withdraw their answer for an abuse of discretion, and we agree with their understanding of our standard of review. See Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009) (summary judgment); Waldorf v. Shuta, 142 F.3d 601, 616-20 (3d Cir. 1998) (amendment of pleadings).

There is, however, uncertainty in the materials before us concerning the role in this case of Hartley's claim based on appellees' opposition to her attempt to collect unemployment compensation because the precise nature of that claim is not clear. This uncertainty, in turn, leads to uncertainty with respect to our standard of review of the

3

disposition of Hartley's case in the District Court to the extent that she based her case on appellees' opposition to her unemployment compensation claim.

Of course, there is no doubt that appellees opposed Hartley's claim for unemployment compensation and, as she points out, some time later did not oppose a claim that a former male officer, Mike Rice, whose employment the PMRPD terminated for cause, made for unemployment compensation. It is also clear that Hartley raised the issue of the differing treatment of the unemployment compensation claims at the trial even though the Court had granted summary judgment to appellees on Hartley's retaliation claims to the extent that she pleaded those claims in her complaint. But Hartley now claims that the Court erred in refusing to charge the jury on the substantive Pennsylvania law governing the circumstances in which a discharged employee can receive unemployment compensation and, in support of that contention, she cites Fed. R. Civ. P. 51(c) and Collins v. Alco Parking Corp., 448 F.3d 652 (3d Cir. 2006). Thus, she may view appellees' opposition to her unemployment compensation claim as evidence that they discriminated against her.

Our standard of review of Hartley's contention that the Court erred in not giving this jury charge is plenary as she contends, in effect, that the charge that the Court did give was incomplete and thus was legally incorrect. See Cooper Distrib. Co. v. Amana Refrigeration, Inc., 180 F.3d 542, 549 (3d Cir. 1999). Appellees, however, treat their opposition to Hartley's unemployment compensation claim as raising a dispute over the admission of evidence, an issue that we ordinarily would review exercising an abuse of discretion standard. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1341 (3d Cir.

4

2002). Yet appellees contend that Hartley raised appellees' opposition to her unemployment compensation claim to demonstrate that their opposition "was motivated by retaliatory animus." Appellees' br. at 14. Thus, they suggest that their opposition raised a retaliation issue.

In its opinion denying Hartley's motion for a new trial, the District Court explained that on that motion Hartley asserted "that the Court erred in not submitting to the jury a claim for retaliation based upon the fact that Defendants had contested her application for unemployment compensation benefits, but had not disputed the claim made by Officer Mike Rice several years later." App. at 15-16. The Court then explained that the jury heard the evidence in question but that Hartley "failed to prove gender discrimination." Id. at 16. It also observed that, when Hartley raised the retaliation claim in the summary judgment proceedings, she did not advance appellees' opposition to her employment compensation claim as a retaliatory act and that at the trial Hartley did not request a retaliation charge.

After considering the record and the briefs, we are not certain whether appellees' opposition to Hartley's unemployment compensation claim came into the case as the basis for a discrimination claim or a retaliation claim or perhaps as a basis for both categories of claims. Moreover, inasmuch as Hartley's legal theory justifying the admission of evidence of Hartley's claim arising from appellees' opposition to her unemployment compensation claim is not clear, it is likewise not clear whether we review the District Court's disposition of the issue on a plenary or an abuse of discretion basis. Nevertheless, for the reasons that we explain below, the answers to these questions

5

are immaterial for we see no basis to reverse any order under appeal by reason of appellees' opposition to Hartley's unemployment compensation claim or by reason of the Court not having given the charge that Hartley asserts that she requested that it give explaining the criteria for granting a claim for unemployment compensation.

In considering Hartley's contentions on this appeal on their merits, we first consider but reject Hartley's retaliation claims. We do not discuss these claims at length, except for the issue concerning appellees' opposition to her unemployment compensation claim, because we cannot add anything to what the District Court wrote in its March 22, 2007 opinion rejecting Hartley's retaliation claims.

We, however, do discuss the District Court's ruling permitting appellees to amend their original answer which admitted that Hartley had been constructively discharged. In considering the Court's ruling in allowing the amendment, we acknowledge that it is difficult to understand how appellees could have made their pleading error on such a fundamental issue and then adhered to the error right up to the trial. Nevertheless, it is clear that throughout these proceedings appellees were denying that Hartley was the victim of a hostile work environment and thus, inasmuch as she alleged that it was that environment that caused her to resign and that she was constructively discharged, it is also clear that at the trial, regardless of appellees' pleadings, the question of whether Hartley was constructively discharged was litigated. See Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 316 n.4 (3d Cir. 2006). In the circumstances, the Court's ruling in allowing the amendment did not prejudice Hartley as she attempted at the trial to

6

demonstrate that she faced a hostile work environment that caused her to resign. Therefore, the Court did not abuse its discretion when it allowed the amendment.

Finally, as we indicated above, we reject Hartley's appeal insofar as it raises an issue relating to appellees' opposition to her unemployment compensation claim.[3] In considering this issue we point out that Hartley linked the employees' unemployment compensation claims by attempting to compare the two claims and to compare, as well, appellees' differing reactions to them. Accordingly, Hartley indicated in her brief that "[t]he jury heard the parties' stipulation that the Employer contested Hartley's receipt of unemployment compensation but did not contest Mike Rice's receipt of unemployment compensation." Appellant's br. at 38. Hartley then stated that the District Court "erred in failing to instruct the jury on the fundamental tenets of Pennsylvania law, so that they could make sense of the significance of the Employer contesting Hartley's receipt of unemployment compensation, but not Rice's in their analysis of differential treatment of similarly situated male or female employees." Id. at 39.

The problem with attempting to compare Hartley's and Rice's unemployment compensation claims is that Hartley does not point to anything in the record to supply a basis to compare them. Unemployment compensation claims are not fungible and therefore it would not be expected that, in the absence of discrimination, an employer's opposition to such claims by former employees would be uniform regardless of the circumstances of the claims. An employee's right to unemployment compensation upon

---

[3]Hartley filed her unemployment compensation claim after her resignation, and therefore appellees' opposition to that claim could not have been part of her hostile work environment claim.

the termination of her employment depends in part on why her employment was terminated and those reasons will differ from case to case. Thus, though it is true that the parties stipulated that appellees objected to Hartley's receipt of unemployment compensation benefits but did not object to Rice's receipt of those benefits, the stipulation tells us nothing useful because in her brief Hartley points to nothing in the record about Rice's termination other than that he was "fired for cause." Appellant's br. at 13.[4]

Nevertheless, we know that there were significant differences between the circumstances leading to Hartley's and Rice's termination of employment with the PMRPD. To start with, Hartley resigned from her position but the PMRPD fired Rice. Moreover, inasmuch as the jury found that Hartley failed to prove that appellees discriminated against her in the terms and conditions of employment, the PMRPD did not constructively discharge her.[5] Therefore, it was perfectly reasonable for appellees to

---

[4] The stipulation with respect to appellees' unemployment compensation benefits recited that "[d]efendants objected to [Hartley's] receipt of unemployment benefits" and "the defendants did not object to [Rice's] receipt of unemployment benefits." App. at 284.

[5] We realize that, even though Hartley was unsuccessful in her attempt to prove that she was the victim of employment discrimination, she was not precluded from attempting to prove that their motivation to retaliate against her caused appellees to oppose her claim for unemployment compensation. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405 (2006); Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995). But, as we set forth above, Hartley advanced the claim as a discrimination claim and she did not plead a retaliation claim based on appellees' opposition to her unemployment compensation claim. In any event, even if she had pleaded appellees' opposition to her unemployment compensation claim as a retaliation claim, the retaliation claim would have failed as Hartley linked it to the differing treatment of her's and Rice's unemployment compensation claims and there is no way from the record to compare the two claims.

8

oppose her claim for unemployment compensation because her voluntary resignation led to her unemployment. Consequently, we conclude that Hartley's claim, to the extent that it is predicated on appellees' opposition to her unemployment compensation claim, is based on a nonexistent foundation inasmuch as the jury determined that Hartley did not prove gender discrimination. Therefore, the District Court did not err when it did not give the charge that she asserts that it should have given to explain her unemployment compensation claim as, regardless of the Court's charge, appellees' opposition to her claim could not have given her a basis for a recovery.

For the foregoing reasons the order for partial summary judgment entered March 22, 2007, the judgment entered October 31, 2007, and the order denying the motion for a new trial entered March 24, 2007, will be affirmed.