**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-3058

———————

NONI BODDIE,
                    Appellant

v.

CARDONE INDUSTRIES, INC.

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-20-cv-02179)
District Judge: Hon. Gerald A. McHugh

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2021

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Opinion filed: October 15, 2021)

———————

OPINION*

———————

———————

     * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge.*

Noni Boddie sued her former employer, Cardone Industries, Inc. alleging discrimination and negligent infliction of emotional distress. The District Court determined her complaint failed to state a claim, and dismissed the matter. As that decision was correct, we will affirm.

## I. BACKGROUND

Boddie joined Cardone as Director of Human Resources.[1] From the start, things did not go well. On her first day, she questioned the racial and gender makeup of Cardone's upper management. On her second, she learned her office was located not in Cardone's headquarters, but a less hospitable satellite facility[2] where "the overwhelming majority of [Cardone's] minority employees work." (App. at 22–23.) Day three brought news that business at Cardone was less robust than billed during her interviews. Vendor payments lagged, layoffs loomed, hiring was now frozen. In all, it was not the opportunity she expected. After a half fifth day, she resigned. Boddie filed a complaint against Cardone asserting claims of discrimination under 42 U.S.C. § 1981 (Count 1) and negligent infliction of emotional distress (Count 2). Cardone moved to dismiss the

---

[1] We accept the facts alleged by Boddie as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[2] A "boarded up, roach and mice infested building," alleges Boddie in her complaint. (App. at 26.)

complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motion with prejudice. Boddie timely appealed.[3]

## II. DISCUSSION

Boddie argues that the District Court erred in dismissing her claims. Seeing no error, we will affirm.

### A. The § 1981 Claim

Allegations of employment discrimination under § 1981 are mostly "identical to the elements of an employment discrimination claim under Title VII." *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181–82 (3d Cir. 2009). So a plaintiff may bring a claim for discrimination under the pretext theory set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as Boddie does here. *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008); *see also Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999).

To state a claim under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination by showing: 1) membership in a protected class; 2) qualification to hold the position; 3) an adverse employment action under 4) "circumstances that could give rise to an inference of discrimination." *Makky*, 541 F.3d at 214 (citing *McDonnell Douglas*, 411 U.S. at 802). All are necessary to state a claim, so

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. *See, e.g.*, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). We review dismissal under Rule 12(b)(6) de novo, *Fowler*, 578 F.3d at 206, accepting all well-pleaded factual allegations as true, *id.* at 210–11. We "then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (internal quotation marks omitted). To be "plausible," the factual allegations in the complaint must "permit the court to infer more than the mere possibility of misconduct." *Id.* (internal quotation marks omitted).

Boddie must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation marks omitted.

We agree with the District Court that Boddie did not allege facts sufficient to support an inference of constructive discharge—her theory of adverse employment action. "Constructive discharge occurs when an employer knowingly permit[s] conditions . . . so intolerable that a reasonable person subject to them would resign." *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 316 n.4 (3d Cir. 2006) (internal quotation marks omitted). The conditions Boddie alleges fall short of that threshold. To be sure, no one would welcome sharing an odorous office with a cockroach "twice the size of a full grown cricket." (App. at 26–27.) But when Boddie voiced concern, her supervisor advised that a cleaning crew would arrive later that day and permitted Boddie to leave early. Rather than giving Cardone a chance to fix the problems, Boddie resigned. While that was her prerogative, "a reasonable employee will . . . explore . . . alternative avenues thoroughly before coming to the conclusion that resignation is the only option." *Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1161–62 (3d Cir. 1993); *see also Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013) ("[A]n employee's subjective perceptions of unfairness or harshness do not govern a claim of constructive discharge."). Her allegations, taken as true, do not support an inference of constructive discharge and the District Court did not err in dismissing this claim.

4

**B. Negligent Infliction of Emotional Distress**

Pennsylvania recognizes a cause of action for negligent infliction of emotional distress in limited circumstances involving contractual or fiduciary duty, physical danger, and observing injury to a close relative. *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. Ct. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011) (per curiam). As the District Court explained, employer-employee relationships are not covered. *See, e.g.*, *Denton v. Silver Stream Nursing & Rehab. Ctr.*, 739 A.2d 571, 578 (Pa. Super. Ct. 1999) (declining to recognize a claim for negligent infliction of emotional distress premised on employer-employee relationship). Dismissing this claim was proper.

### III. CONCLUSION

For these reasons, we will affirm the District Court's Order.