**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1297

KIMBERLY RENAE ANDREWS,

Plaintiff - Appellant,

v.

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, Commonwealth of Virginia,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Senior District Judge. (7:18-cv-00281-GEC)

Submitted: January 28, 2022                    Decided: March 15, 2022

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Thomas E. Strelka, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant. Mark R. Herring, Attorney General, Keonna C. Austin, Deputy Attorney General, Toby J. Heytens, Solicitor General, Martine E. Cicconi, Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General, Jessica Merry Samuels, Assistant Solicitor General, Kendall T. Burchard, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Kay Heidbreder, University Legal

Counsel, M. Hudson McClanahan, Associate University Legal Counsel, VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY, Blacksburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly Andrews appeals the district court's order granting summary judgment in favor of her former employer, Virginia Polytechnic Institute and State University ("Virginia Tech"), on her race discrimination claims. We affirm.

I.

The district court thoroughly reviewed the extensive factual record in this case, and we see no reason to repeat it at length here. *See Andrews v. Va. Polytechnic Inst.*, No. 7:18CV00281, 2020 WL 714234, at \*1–6 (W.D. Va. Feb. 12, 2020). To briefly summarize, Virginia Tech hired Andrews in mid-2012 to lead its programs that provide low-income and first-generation students with outreach and services. Andrews contends that during her five-year tenure at Virginia Tech she faced workplace difficulties, administrative problems, and failed advancement due to her race. These allegations of discrimination fall into four categories: (1) denial of requests related to job productivity and satisfaction; (2) mistreatment in various ways compared to white employees; (3) racially offensive conduct and statements at work; and (4) inappropriate use of university procedures to target her (e.g., baseless discrimination claims made by a subordinate).

After exhausting her administrative remedies, Andrews brought a lawsuit against Virginia Tech for violation of Title VII of the Civil Rights Act of 1964 in three respects: hostile work environment, race discrimination, and retaliation. *See* 42 U.S.C. §§ 2000e-2, 2000e-3. The district court granted summary judgment to Virginia Tech on all claims, finding that each claim failed at the prima facie stage of the burden-shifting analysis.

3

*See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)) (describing the burden-shifting framework employed in Title VII discrimination and retaliation claims).

We "review[] the district court's grant of summary judgment de novo," drawing reasonable inferences in the light most favorable to the nonmoving party. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *EEOC v. Clay Printing Co.*, 955 F.2d 936, 943 (4th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Further, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Perkins*, 936 F.3d at 205 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

Bearing this standard in mind, we briefly survey each of Andrews's three claims.

A.

To establish a prima facie Title VII claim for a hostile work environment, Andrews must show that "(1) [s]he experienced unwelcome harassment; (2) the harassment was based on [her] race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis

4

for imposing liability on the employer." *Id.* at 207–08.

The focus of this appeal is the severe-or-pervasive-harassment element. To satisfy her burden, Andrews "must show that a reasonable jury could find that the . . . race-based harassment was so severe or pervasive as to alter the conditions of [her] employment and create an abusive or hostile atmosphere." *Id.* at 208 (quoting *EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009)).

We have thoroughly reviewed the record and the parties' submissions and agree with the district court's conclusion that Andrews failed to provide evidence sufficient to support a prima facie case of a hostile work environment. Andrews claimed a variety of verbal statements made by her supervisor and other colleagues demonstrated racial animus.[1] She also claimed there were questionable comments about her hair and clothing.

Viewing the evidence in the light most favorable to Andrews and assuming the statements and conduct she describes were in fact harassment, those "handful of incidents" over a five-year period fail to support a finding that such harassment was "pervasive." *Id.* at 208–09; *see id.* at 204, 209–10 (finding two incidents of racially offensive conduct over an eight-year period not to be pervasive). Nor is there enough evidence to support a finding that such alleged harassment was "severe." *See Andrews*, 2020 WL 714234, at *4,

---

[1] Andrews claimed her supervisor referred to her as "girl" on several occasions and commented that she would get Andrews's parents' "blessing" to hire Andrews. Further, Andrews and other witnesses described disparaging comments about historically Black colleges and universities; Andrews being questioned about vocabulary by a colleague during a meeting when other colleagues were not questioned; questions about visiting a taco truck addressed to a Latino colleague; insensitive comments concerning race during one meeting on diversity and inclusion; and the alleged use of the term "mud pies" in leadership meetings.

*8 (noting that there is "unrebutted testimony" that Andrews's supervisor uses the term "girl" to refer to *all* women in the context of a statement like "you go, girl," not just to Black women); *id.* at *9 n.4 (finding that the use of the term "mud pies" was unsubstantiated hearsay); *id.* at *10 (concluding that comments about Andrews's hair were "facially neutral statements," and that such comments or requests to touch her hair were infrequent).

Further, Andrews's claims of disparate treatment demonstrating a hostile work environment lacked substantiation because the only evidence offered was based on her "gut feeling" or "belief," with no other support besides inadmissible hearsay or irrelevant third-party experiences. *See* J.A. 247, 251, 257–58, 265, 267, 269, 281, 283–85, 293–94, 298, 326–28, 333, 338, 367, 369, 384 (transcript excerpts from Andrews's deposition referring to a "gut feeling" or "belief" as the only evidentiary support for her claims of disparate treatment);[2] *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998) (holding that a plaintiff's "conclusory statements, without specific evidentiary support, cannot support an actionable claim for harassment").

Finally, looking at "the totality of [Andrews's] experiences" in the light most favorable to her, the evidence presented does not meet "the steep requirements of a hostile work environment claim" that have been "reinforced" by the Supreme Court. *Perkins*, 936 F.3d at 208, 211. Although Andrews sought medical treatment for depression-related symptoms shortly before resigning from Virginia Tech, there is no evidence that the

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

claimed harassment "alter[ed] the conditions of [her] employment" prior to her resignation. *Id.* at 208. Andrews received favorable performance reviews, a favorable title change, and raises, and never received any type of discipline or sanction, demotion, reduction in pay, or change to job duties or responsibilities.

Accordingly, we discern no reversible error in the district court's conclusion that Andrews has not made out a prima facie case for a hostile work environment. We affirm for all of the reasons stated by the district court. *See Andrews*, 2020 WL 714234, at *7–13.

B.

To establish a prima facie case of race discrimination, Andrews must show: "(1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Perkins*, 936 F.3d at 207 (citing *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)). The relevant focus here is on the adverse employment action element which Andrews contends arises from her claim of constructive discharge.

To prove constructive discharge, "a plaintiff must show that [her] 'working conditions bec[a]me so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" *Id.* at 211 (quoting *Green v. Brennan*, 578 U.S. 547, 555 (2016)). The intolerability requirement is a high bar such that "difficult or unpleasant working conditions and denial of management positions, without more, are not so intolerable as to compel a reasonable person to resign." *Id.* at 212. Most importantly for our purposes here, "[p]roof of constructive discharge requires 'a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working

7

environment.'" *Id.* (quoting *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 316 n.4 (3d Cir. 2006)).

We agree with the district court that because Andrews cannot satisfy the severe-or-pervasive element of a prima facie hostile-work-environment claim, "it necessarily follows that [she] cannot show constructive discharge," and thus, her claim of race discrimination also fails. *Id.*; *see Andrews*, 2020 WL 714234, at *13.

C.

To establish a prima facie claim of retaliation, a plaintiff must show: "(1) that [s]he engaged in protected activity, (2) that the employer took a materially adverse action against [her,] and (3) there is a causal connection between the protected activity and the adverse action." *Perkins*, 936 F.3d at 213. To satisfy the second element, a plaintiff must show that a reasonable employee would have found the challenged action "materially adverse, 'which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

Here, again, we find that Andrews has not established a prima facie case. She claims Virginia Tech's human-resources director dissuaded her from filing a formal complaint, yet Andrews testified in her deposition that the director's comments were not discouragement. In fact, she testified that the director walked her to the appropriate department to discuss filing a complaint. Further, although Andrews claims a sex-discrimination complaint filed against her by her subordinate was retaliation for speaking

with the human-resources director, Andrews points to no evidence that her subordinate knew about her complaints to the director. Because Andrews fails to support her claims of a material adverse action, we agree with the district court that she has not made out a prima facie case of retaliation. *See Andrews*, 2020 WL 714234, at *14.

## II.

For the reasons set forth, we affirm the judgment of the district court.

*AFFIRMED*