**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1262
_____

ALLEPICHIAN B. ALDRICH,
                                    Appellant
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Appeal from the
United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:24-cv-00847)
District Judge: Honorable Paul Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 5, 2025

Before: CHAGARES, *Chief Judge*, FREEMAN and BOVE, *Circuit Judges*.

(Opinion filed: February 4, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

BOVE, *Circuit Judge*.

Plaintiff Allepichian Aldrich appeals the District Court's grant of summary judgment in favor of the federal government on her claims under the Rehabilitation Act and the Americans With Disabilities Act. We will affirm.

**I.**

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiff is a paraplegic who requires continual use of a wheelchair. Between February 2022 and July 2022, she worked as a forensic accountant at the FBI. Following her resignation, Plaintiff filed claims against the Attorney General alleging, in substance, disability discrimination, failure to accommodate, hostile work environment, constructive discharge, and retaliation.

The District Court correctly observed that, as a practical matter, Defendant is the United States. Defendant filed a motion to dismiss or, in the alternative, for summary judgment. The District Court converted the motion to one for summary judgment. After giving the parties an opportunity to submit evidence, the District Court granted summary judgment in favor of Defendant as to each of Plaintiff's claims. Plaintiff timely appealed.

**II.**

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise *de novo* review over the District Court's

grant of summary judgment. *See, e.g.*, *Parker v. New Jersey Motor Vehicle Comm'n*, 158 F.4th 470, 473 (3d Cir. 2025).[1]

## III.

We agree with the District Court that Plaintiff's claims under the Americans With Disabilities Act were defective because the statute does not apply to federal agencies. *See* 42 U.S.C. § 12111(5)(B); *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003). As to the Rehabilitation Act, we agree with the District Court that Plaintiff—as a former federal employee suing a federal employer—was required to timely exhaust administrative remedies but failed to do so in several respects. *See, e.g.*, *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 204 (3d Cir. 2021); *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 191-92 (3d Cir. 2000).

The exhaustion requirement obligated Plaintiff to initiate contact with an FBI EEO counselor within 45 days of an allegedly discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). Plaintiff first contacted an EEO counselor on September 7, 2022. Thus, Plaintiff failed to timely exhaust with respect to alleged discriminatory acts prior to July 24, 2022, *i.e.*, 45 days prior to her initial EEO contact. Based on that cutoff date, substantially all of the evidence supporting Plaintiff's claims for disability discrimination, failure to accommodate, and hostile work environment was not timely brought to the attention of the EEO. Accordingly, we see no error in the District Court's decision to grant summary judgment in favor of Defendant on those claims.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

**IV.**

Plaintiff adequately exhausted administrative remedies with respect to her constructive discharge and retaliation claims. On appeal, Plaintiff does not challenge the disposition of her retaliation claim.

Defendant was entitled to summary judgment on the constructive discharge claim. The claim was based on Plaintiff's July 29, 2022 resignation. Based on the undisputed facts, Plaintiff failed to establish that Defendant "knowingly permit[ted] conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." *Spencer v. Walmart Stores Inc.*, 469 F.3d 311, 316 n.4 (3d Cir. 2006). Plaintiff first made the Special Agent In Charge of the Philadelphia Field Office aware of her concerns on July 11, 2022. In response, the agent "took immediate action to identify remedies that would alleviate the issues [Plaintiff] described." App. 79. But Plaintiff resigned less than a month after the meeting. She did not consider "alternative avenues thoroughly before coming to the conclusion that resignation is the only option." *Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1161 (3d Cir. 1993).

Plaintiff's principal argument on appeal is that the District Court erred by failing to consider unexhausted evidence relating to restroom access in connection with this claim. The argument is belied by the District Court's thorough opinion and, in any event, meritless. There was no dispute that the FBI facility had multiple wheelchair-accessible restrooms, and Plaintiff's evidence regarding use and availability of those facilities did not rise to the level of intolerability required to support a constructive discharge theory. Plaintiff's citation to *Taylor v. Phoenixville School District* is unavailing. 184 F.3d 296,

4

306 (3d Cir. 1999). We agree that a plaintiff may have a cause of action where an employer "fail[s] to make reasonable accommodations for a plaintiff's disabilities." *Id.* But that general proposition does not override the more specific requirement that a plaintiff adduce evidence that the work environment was essentially unendurable in order to prevail on a constructive discharge claim. *See Spencer*, 469 F.3d at 316 n.4.

## V.

The District Court did not err in granting summary judgment for Defendant. Accordingly, we will affirm.