**North American Publishing Company
v. SunGard Availability Services, LP**

*Alan Turner,* for plaintiff.

*Dennis Marconi, Angelo Scaricamazza Jr., Joseph Connor III, James Breslin, Martin Lisman, Rebecca Ward* and *Nancy J. Leddy,* for defendant.

ABRAMSON, *J.,* October 7, 2005—Presently before the court are the preliminary objections of defendant SunGard Availability Services LP and the preliminary objections of defendants Gerald S. Kaufman Corporation, 440 E. 62nd Street Co. LP, Benlo LLC, Callowhill Management Inc., and Allan Stillman (collectively, Landlord and, together with SunGard, defendants) to the second amended complaint of plaintiff North American Publishing Company (NAPCO).

According to the second amended complaint, until a recent relocation, NAPCO was a commercial tenant occupying the entire fifth floor of the North American Building pursuant to a lease with Landlord. SunGard, also a commercial tenant, occupies the sixth through eleventh floors and the mezzanine of the building. Landlord is the owner, operator, and manager of the building.

For its own benefit, SunGard installed a temperature and humidity control system on the fifth floor roof. Defendants entered into a lease for SunGard's use of the roof. The system caused water to intrude into NAPCO's leased space repeatedly. These leaks resulted in several problems for NAPCO, including mold, lighting failure, loss of ceiling and floor tiles and loss of usable space. Defendants were aware of the damage caused by the system and claimed they would resolve the matter. As neither defendant rectified the situation, NAPCO was forced to terminate its lease and find another facility for its operations.

Previously, SunGard filed preliminary objections to NAPCO's first amended complaint. The court issued an order on May 16, 2005, directing NAPCO to file a second amended complaint or Count V would be dismissed against SunGard and punitive damages would be stricken from Count I.

In response, NAPCO filed a second amended complaint that makes claims against SunGard for continuing trespass (Count I) and breach of third-party beneficiary contract (Count VI) and against Landlord for continuing trespass (Count I), breach of lease agreement (Count II), breach of implied warranty of habitability (Count III), breach of implied covenant of quiet enjoyment (Count IV), constructive eviction (Count V), and for a declaratory judgment regarding rent under lease and breach of lease (Count VII). Defendants contend the second amended complaint exceeds the parameters of the order of May 16, 2005, by adding defendant Allan Stillman, Count VI and Count VII. The order of May 16, 2005, did not impose any limits upon NAPCO in filing its second amended complaint. As the court directed NAPCO to

file the second amended complaint and the inclusion of Allan Stillman, Count VI and Count VII is permitted under Pa.R.C.P. 1033, defendants' objections are denied.

In its preliminary objections, SunGard asserts that Count VI lacks a sufficient factual basis. Under Pennsylvania law, a party must satisfy a two-part test in order to be considered an intended beneficiary of a contract. As set forth in *Cardenas v. Schober*, 783 A.2d 317, 322 (Pa. Super. 2001), "the recognition of the beneficiary's right must be 'appropriate to effectuate the intention of the parties' and . . . the circumstances [must] indicate that the promisee intends to give the beneficiary the benefit of the promised performance." A review of the second amended complaint reveals that SunGard's system caused problems in NAPCO's leased space and that defendants were aware of this situation. Thereafter, defendants agreed to have SunGard repair or replace the roof in order to resolve the problems. Clearly, NAPCO's problems led to defendants' agreement and that agreement directly benefits NAPCO. Therefore, the allegations in the second amended complaint are sufficient to support NAPCO's third-party beneficiary-based breach of contract claim.

SunGard also seeks to strike all claims for punitive damages and all claims for any type of damages, except for contractual damages, from the second amended complaint. Although NAPCO concedes that it is not pursuing certain categories of damages, it does seek punitive damages from SunGard in connection with Count I. Punitive damages may be awarded for "acts done with a bad motive or with *reckless indifference* to the rights of others." *SHV Coal Inc. v. Continental Grain Co.,* 526

Pa. 489, 493, 587 A.2d 702, 704 (1991). SunGard knew the system was creating damage in NAPCO's leased space no later than 2000. In particular, SunGard understood that water generated by the system led to the growth of mold spores in the fifth floor ceiling tiles and the destruction of floor tiles containing asbestos on the fifth floor. Although SunGard promised to rectify the situation, it did nothing. This alleged course of conduct demonstrates "reckless indifference" on the part of SunGard, potentially sufficient to support the imposition of punitive damages.

In its preliminary objections, Landlord asserts that the gist of the action doctrine bars NAPCO's tort claims. This doctrine "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." *Etoll Inc. v. Elias/Savion Advertising Inc.,* 811 A.2d 10, 14 (Pa. Super. 2002). As applied to this matter, a tort claim is barred where the duties allegedly breached were created and grounded in the contract itself or the tort claim essentially duplicates a breach of contract claim. *Id.* at 19. Since all allegations in the second amended complaint against Landlord arise out of the lease between NAPCO and Landlord, all tort claims against Landlord are barred by the gist of the action doctrine.

Landlord also asserts that NAPCO's claims for punitive damages should be stricken from the second amended complaint. NAPCO cannot recover punitive damages for an action solely sounding in breach of contract. *DiGregorio v. Keystone Health Plan East,* 840 A.2d 361, 370 (Pa. Super. 2003). As all tort claims against Landlord are no longer viable, all claims for punitive damages against this defendant will be stricken.

## ORDER

And now, October 7, 2005, upon consideration of the preliminary objections of defendant SunGard Availability Services LP (Control no. 062064) to plaintiff North American Publishing Company's second amended complaint and the response thereto, the preliminary objections of defendants Gerald S. Kaufman Corporation, 440 E. 62nd Street Co. LP, Benlo LLC, Callowhill Management Inc., and Allan Stillman (Control no. 070154) to plaintiff North American Publishing Company's second amended complaint and the response thereto, and in accordance with the attached memorandum, it is hereby ordered and decreed that:

(1) All tort claims and all claims for punitive damages against defendants Gerald S. Kaufman Corporation, 440 E. 62nd Street Co. LP, Benlo LLC, Callowhill Management Inc., and Allan Stillman are hereby stricken from the second amended complaint;

(2) The remaining preliminary objections of defendants Gerald S. Kaufman Corporation, 440 E. 62nd Street Co. LP, Benlo LLC, Callowhill Management Inc., and Allan Stillman are overruled and defendants are further ordered to file an answer to plaintiff's second amended complaint within 20 days of this order;

(3) All claims for damages based upon property damage or loss, lost employee time, business interruption, loss of personal property, or personal injury are hereby stricken from the second amended complaint; and

(4) The preliminary objections of defendant SunGard Availability Services LP are overruled and defendant is further ordered to file an answer to plaintiff's second amended complaint within 20 days of this order.