**Jones v. Magobet**

C.P. of Monroe County, No. 2632 CV 2014

*Holly B. Conway,* for plaintiffs.
*Christopher S. Brown,* for defendants.

HARLACHER SIBUM, J., Sept. 22, 2014— This matter comes before the court on defendants Angel and Cindylee Magobet's ("defendants") preliminary objection to plaintiffs Traci and Wayne Jones' ("plaintiffs")

30

complaint. On July 28, 2012, plaintiffs and defendants entered into a month to month lease ("Lease") for the rental of the basement of the property located at 4404 Clermont Drive, Albrightsville, Pennsylvania 18210. Plaintiffs commenced this action by filing suit on April 4, 2014 alleging breach of contract, breach of warranty for purpose, breach of warranty, common law fraud, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Plaintiffs also requested punitive damages. On May 14, 2014 defendants filed preliminary objections to the complaint, averring legal insufficiency as to all counts. We address these preliminary objections in turn below.

## DISCUSSION

Pursuant to Pa.R.C.P. 1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including:

(2) Failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

Pa.R.C.P. 1028(a)(2). In ruling on preliminary objections, we recognize that the court must accept as true "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom....", *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth.1990). The court need not accept as true, however, "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim." *Estate of Swift v. Northwestern Hospital of Philadelphia*, 690 A.2d 719, 723 (Pa. Super. 1996) *appeal denied*, 701 A.2d 577 (Pa. 1997). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Co. v. Appelbaum*, 189 A.2d 253, 255 (Pa. 1963).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in those cases which are clear and free from doubt. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996). Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. 1028(a)(2). Such a motion is the proper way to object to formal errors in a pleading. *See Commonwealth ex rel. Sheppard v. Central Penn Bank*, 375 A.2d 874 (Pa. Commw. Ct, 1977).

The Rules of Civil Procedure are in place to ensure that a complaint not only gives the opposing party notice of the claim, but also makes clear the grounds upon which it rests by including a summary of the facts essential to support that claim or defense as well as by attaching necessary documents and exhibits. *See Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. Ct. 1983); *Clemleddy Const, Inc. v. Yorston*, 810 A.2d 693, 696 (Pa. Super. Ct. 2002), citing *Denlinger, Inc.*

*v. Agresta,* 714 A.2d 1048, 1050 (Pa. Super. Ct. 1998); see also Pa.R.C.P. 1019(a). Therefore, a preliminary objection in the nature of a motion to strike may be filed when a complaint contains vague allegations or lacks necessary accompanying documentation. *See Connor v. Allegheny General Hospital,* 461 A.2d 600, 603 (Pa. 1983). With these standards in mind, we now address defendants' first preliminary objection to plaintiffs' complaint.

## I. DEFENDANTS' PRELIMINARY OBJECTIONS TO COUNTS I-III: LEGAL INSUFFICIENCY-BREACH OF CONTRACT, BREACH OF WARRANTY, AND BREACH OF WARRANTY FOR A PURPOSE

Defendants aver that counts I-III of plaintiff's complaint must be dismissed because of the alleged legal insufficiency of the claims. We agree.

As defendants assert, the Lease contains an integration clause through which it expressly states:

> this lease is the entire agreement between Landlord and Tenant. No spoken or written agreements made before are a part of this Lease unless they are included in this Lease in writing. No waivers or modifications of this Lease during the Term of this Lease are valid unless in writing signed by both Landlord and Tenant.

Exhibit A, Residential Lease between plaintiffs and defendants, P. 5, ¶ 30. When integration clauses such as this are incorporated into a contract, "neither oral testimony, nor prior written agreements, or other writings, are admissible to explain or vary the terms of the contract." *McGuire v. Schneider, Inc.,* 534 A.2d 115, 118 (Pa. Super.

1987) aff'd, 548 A.2d 1223 (Pa. 1988) (citations omitted). Known as the "parol evidence rule," this rule prevents testimony regarding negotiations and agreements leading up to the execution of the final written contract. *Nat'l Cash Register Co. v. Modern Transfer Co., Inc.*, 302 A.2d 486, 488 (Pa. Super. 1973). The presumption created by the rule is that all negotiations and agreements made prior to the execution of the contract were merged into the document itself. *Id.* The case for the exclusion of this additional evidence is only enhanced when a contract includes an integration clause indicating that the document expresses the entirety of the agreement. McGuire, 534 A.2d at 117.

In their complaint, plaintiffs aver multiple times that their Lease was conditioned on the premises being free from water issues and flooding and that the premises were dry. Counts I-III of plaintiffs' complaint rely upon these assertions. However, nowhere in the Lease is there mention of any such warranty or condition of the premises. In the absence of such mention in the Lease, it is clear that plaintiffs, through their complaint, are relying on some kind of extrinsic oral agreement or promise. As this arrangement does not appear within the Lease, plaintiffs are relying on parol evidence when making their assertions. Per the parol evidence rule, absent some exceptions (which are not applicable here) such evidence may not be considered when evaluating a written contract. As such, defendants' preliminary objections to Counts I-III of plaintiffs' complaint are sustained.

II. DEFENDANT'S PRELIMINARY OBJECTION TO COUNT IV: LEGAL INSUFFICIENCY-COMMON LAW FRAUD

Plaintiffs claim that defendants are liable for common law fraud. To establish a case of common law fraud, plaintiffs must demonstrate the following five elements:

(1) a misrepresentation, (2) a fraudulent utterance of the misrepresentation, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as a proximate result.

*Fox's Foods, Inc. v. Kmart Corp.*, 870 F. Supp. 599, 607 (M.D. Pa. 1994). At present, plaintiffs have difficulty establishing the existence of the first and fourth elements.

A misrepresentation is established if a false statement is made knowingly, in conscious ignorance of the truth, or with reckless disregard for the truth or falsity of the statement. *Fox's Foods, Inc. v. Kmart Corp.*, 870 F. Supp. 599, 607 (M.D. Pa. 1994). As discussed above, any misrepresentation claimed by plaintiffs is not present in the Lease and is based solely on parol evidence; the admission of which is generally impermissible. Plaintiffs allege that defendants represented the property to be suitable for storage and failed to disclose any water related issues. We do not find such a statement, if made by defendants, to be sufficient to establish an intentional or fraudulent misrepresentation. Such a statement, without more, could have been intended to reflect that the basement was suitable for storage from a zoning or land use perspective. It may have also been intended to reflect the basement as appropriate for storage with the provision and operation of the two sump pumps located therein and that water damage had never previously occurred because the sump

pumps prevented water from entering the basement space.

Assuming for argument purposes, that defendants' statement did constitute an intentional and fraudulent misrepresentation, we find that plaintiffs have still failed to establish a cause of action for common law fraud for lack of justifiable reliance on such a statement. Where a defendant deliberately conceals or fails to disclose material facts, this may amount to a material misrepresentation sufficient to satisfy the first element of common law fraud. *Marian Bank v. Int'l Harvester Credit Corp.*, 550 F. Supp. 456, 461 (E.D. Pa. 1982) *aff'd sub nom. Appeal of Int'l Harvester Credit Corp.*, 725 F.2d 668 (3d Cir. 1983) and *aff'd sub nom. Marian Bank v. Int'l Harvester Co.,* 725 F.2d 669 (3d Cir. 1983). However the documents of record (the complaint, defendants' preliminary objections, and defendants' brief in support of preliminary objections-plaintiffs failed to file a response or brief) indicate that even if defendants indicated the basement was suitable for storage, plaintiffs were not justified in relying on defendants' representation. The record indicates that there were not one, but two sump pumps in the basement. The presence of these pumps should have put plaintiffs on inquiry notice that the premises may have flooding or water issues. Given the presence of the sump pumps in the basement, a person of ordinary understanding or diligence would not reasonably rely on any nondisclosure by defendants that the basement was suitable for storage.

Even if plaintiffs can establish a valid claim for common law fraud, such a claim is barred by the gist of the action doctrine. The gist of the action doctrine was formulated to prevent plaintiffs from doing exactly what plaintiffs in the

current case seek to do: recast their contract claim as a tort action. *Vives v. Rodriguez,* 849 F. Supp. 2d 507, 516 (E.D. Pa. 2012). Tort claims generally arise from underlying social policy, whereas contract claims arise from a breach of duties imposed by a mutual agreement or contract. *Vives v. Rodriguez,* 849 F. Supp. 2d 507, 518 (E.D. Pa. 2012); *Sullivan v. Chartwell Inv. Partners, LP,* 873 A.2d 710, 719 (Pa. Super. 2005). Where the allegations or claims stem from the performance or nonperformance of a duty imposed by an underlying contract, tort claims will be barred under the gist of the action doctrine. *Vives v. Rodriguez,* 849 F. Supp. 2d 507, 518 (E.D. Pa. 2012).

Multiple times in their complaint, plaintiffs discuss the Lease and representations made by defendants in the Lease. Notwithstanding that much of this extrinsic evidence is barred by the parol evidence rule, the plaintiffs' complaint indicates that their claim for common law fraud is the direct result of the alleged agreements and Lease between the parties. Plaintiffs' allegations arise under the Lease itself, and therefore any claim, if it could be sustained at all, is barred by the gist of the action doctrine. For these reasons defendants' preliminary objection to Count IV is sustained.

## V. DEFENDANTS' PRELIMINARY OBJECTION TO COUNT V: LEGAL INSUFFICIENCY-THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, Pa.C.S. §201-2

Defendants next object to Count V of plaintiffs' complaint. In their objection, defendants allege that plaintiffs' Unfair Trade Practices and Consumer Protection

claim is legally insufficient. To establish a violation of the "catch-all" provision of Pa.C.S. §201-2, plaintiffs must establish all of the elements of common law fraud. *Weinburg v. Sun Co., Inc.*, 777A.2d 442 (Pa. 2001). To establish the elements of common law fraud, plaintiffs must again rely on inadmissible evidence extrinsic to the Lease. This type of parol evidence may not be admitted where the contract is fully integrated, as the Lease here is. Exhibit A, residential Lease between plaintiffs and defendants, P. 5, ¶30.

Assuming that plaintiffs may rely upon such extrinsic evidence, as discussed above, plaintiffs still have not sufficiently pled the elements of fraud. Plaintiffs have neither demonstrated that defendants actually concealed information nor have they demonstrated that any reliance was justifiable. In fact, they have shown the opposite.

Defendants made no attempt to hide or disguise the presence of the sump pumps in the basement. Defendants' actions may actually constitute an outward representation that the basement had flooding issues. Further, the presence of the sump pumps, as discussed, should have placed defendants, at minimum, on inquiry notice as to the possibility of flooding. For these reasons, as well as the fact that plaintiffs are once again attempting to turn their breach of contract claim into a tort action, defendants' Preliminary Objection to Count V is sustained.

## VI. DEFENDANTS' PRELIMINARY OBJECTBON TO COUNT VI: LEGAL INSUFFICIENCY-NEGLIGENCE

Defendants object to Count VI of plaintiffs' complaint

alleging insufficiency of the negligence claim. This court finds that plaintiffs' claim is barred by the gist of the action doctrine. Any alleged duty owed by defendants, as described in the complaint, clearly arose out of the contractual agreement, not out of underlying public policy concerns. The failure to perform a contract is not a tort claim but a contract claim. *Vives v. Rodriguez*, 849 F. Supp. 2d 507, 516 (E.D. Pa. 2012). Further, any allegation of failure to perform or for the premises to live up to defendants' representations is grounded firmly in parol evidence, which this court cannot consider. For these reasons, defendant's preliminary objection to count VI is sustained.

## VII. DEFENDANTS' PRELIMINARY OBJECTION TO COUNT VII: LEGAL INSUFFICIENCY-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendants aver that counts VII of plaintiffs' complaint must be dismissed because of the legal insufficiency of the claim. We agree.

Defendants correctly identify that in claims for negligent infliction of emotional distress, the law requires some identifiable physical injury. *Cathcart v. Keene Indus. Insulation*, 471 A.2d 493, 508 (Pa. Super. 1984). Plaintiffs in negligent infliction of emotional distress cases must at minimum plead some sort of physical injury. *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 200 (Pa. Super. Ct. 2008) aff'd, 36 A.3d 83 (Pa. 2011). This pleading requirement may be satisfied by alleging "long continued nausea or headaches, repeated hysterical attacks or mental

aberration." *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 200 (Pa. Super. Ct. 2008) *aff'd*, 36 A.3d 83 (Pa. 2011).

At most, plaintiffs have alleged damage to their health. plaintiffs' complaint, P. 11 ¶64. Nowhere in plaintiffs' complaint is there an averment of specific physical harm or injury. It is well established in Pennsylvania that for a valid negligent infliction of emotional distress action a plaintiff must demonstrate that she is a foreseeable plaintiff and that she suffered physical injury resulting from the defendant's negligence. *Armstrong v. Paoli Mem'l Hosp.*, 633 A.2d 605, 609 (Pa. Super. 1993). Where a plaintiff fails to demonstrate the requisite showing of physical injury, there can be no claim for negligent infliction of emotional distress. As plaintiffs have failed to indicate physical harm with any particularity, defendants' preliminary objection to Count VII of plaintiffs' complaint is sustained.

VIII. DEFENDANTS' PRELIMINARY OBJECTION TO COUNT VIII: LEGAL INSUFFICIENCY-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants aver that Counts VIII of plaintiffs1 complaint must be dismissed because of the legal insufficiency of the claim. We agree.

Pennsylvania courts have been hesitant to fully adopt the tort of intentional infliction of emotional distress as defined under the Second Restatement of Torts. *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998). When such claims are recognized, plaintiffs must establish that the defendant, by extreme and outrageous conduct,

intentionally or recklessly caused severe emotional distress to another. *Hoy v. Angelone*, 720 A.2d 745, 753 (Pa. 1998). courts have held that this tort is usually only recognized in Pennsylvania when the degree of the defendant's conduct is clearly extreme or outrageous. *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998). As one court described in regards to the pleading of an action for intentional infliction of emotional distress:

> [T]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society ... [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

*Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 202 (Pa. Super. Ct. 2008) aff'd, 36 A.3d 83 (Pa. 2011). Thus the "gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor." *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 991 (Pa, 1987).

At present, plaintiffs have failed to identify with any particularity the conduct causing their alleged emotional distress. Moreover, there is no allegation that this conduct is extreme or outrageous. Because plaintiffs have failed to plead the minimum requirements for the tort of intentional infliction of emotional distress, defendants' preliminary

objection to Count VII of plaintiffs' complaint is sustained.

## IX. DEFENDANTS' PRELIMINARY OBJECTION TO COUNT IX: LEGAL INSUFFICIENCY-PUNITIVE DAMAGES

Defendants lastly assert that Count IX of plaintiffs' complaint, Punitive Damages, must be dismissed because it is legally insufficient. Because plaintiffs' only viable claims, if any, arise out of contract, we agree with defendants' contention. Plaintiffs cannot recover punitive damages for actions sounding solely under breach of contract. *See DiGregorio v. Keystone Health Plan E.*, 840 A.2d 361, 370 (Pa. Super. 2003) (noting that allowing punitive damages in a contract claim would be inconsistent with traditional theories of contract law); *N. Am. Pub. Co. v. Sungard Availability Servs., LP*, 77 Pa. D. & C.4th 219 (Com. Pl. 2005). Punitive damages are not a cause of action on their own, but rather are a consideration the fact finder may make when determining damages in tort actions. *Hilbert v. Roth*, 149 A.2d 648, 652 (Pa. 1959), plaintiffs currently have no basis or claim onto which punitive damages may be attached and therefore defendants' preliminary objection to count IX of plaintiffs' complaint is sustained.

For the reasons set forth in this opinion, defendants' four (4) preliminary objections are sustained. Accordingly, we enter the following order.

### ORDER

And now, this 22nd day of September, 2014, upon consideration of defendants Angel and Cindylee Magobet's preliminary objections to plaintiff Traci and Wayne

Jones' complaint, it is hereby ordered that defendants' preliminary objections are sustained, plaintiffs are given twenty (20) days from the date of this order in which to file an amended complaint.